UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

NATHAN BENTON,

        Plaintiff,

    v.

DAVE HALCOMB,

        Defendant.

Case No. 18-cv-00018-MEJ

**ORDER GRANTING IFP APPLICATION; FOR CLERK OF COURT TO REASSIGN CASE**

**REPORT & RECOMMENDATION**

## INTRODUCTION

On January 2, 2018, Defendant removed this unlawful detainer action from Contra Costa County Superior Court and filed an application to proceed in forma pauperis. Not. of Removal, Dkt. No. 1; Appl., Dkt. No. 2. It is evident from Defendant's application that he meets the standards for proceeding in forma pauperis, and his application accordingly is GRANTED. However, as it appears that jurisdiction is lacking, this case should be remanded to state court. As neither party has consented to magistrate judge jurisdiction, the Court ORDERS the Clerk of Court to reassign this case to a district judge with the recommendation that the case be remanded to Contra Costa County Superior Court.

## LEGAL STANDARD

Subject matter jurisdiction is fundamental and cannot be waived. *Billingsley v. C.I.R.*, 868 F.2d 1081, 1085 (9th Cir. 1989). Federal courts can adjudicate only those cases which the Constitution and Congress authorize them to adjudicate, i.e., those involving diversity of citizenship or a federal question, or those to which the United States is a party. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); *see also Chen-Cheng Wang ex rel. United States v. FMC Corp.*, 975 F.2d 1412, 1415 (9th Cir. 1992) (federal courts have no power to

consider claims for which they lack subject-matter jurisdiction).

Pursuant to 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." However, the removal statutes are construed restrictively so as to limit removal jurisdiction. *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108-09 (1941); *see also Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003) ("Where doubt regarding the right to removal exists, a case should be remanded to state court."). The burden of establishing federal jurisdiction for purposes of removal is on the party seeking removal. *Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1117 (9th Cir. 2004). The district court must remand the case if it appears before final judgment that the court lacks subject matter jurisdiction. 28 U.S.C. § 1447(c); *Abada v. Charles Schwab & Co.*, 300 F.3d 1112, 1118 n.2 (9th Cir. 2002).

Subject matter jurisdiction is determined from the face of the complaint. *Rivet v. Regions Bank of La.*, 522 U.S. 470, 475 (1998); *see also Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987) (federal question must be presented on face of plaintiff's properly pleaded complaint); *Fifty Assocs. v. Prudential Ins. Co. of Am.*, 446 F.2d 1187, 1189-90 (9th Cir. 1970) (existence of diversity jurisdiction must be sufficient on the face of the complaint). Jurisdiction may not be based on a claim raised as a defense or a counterclaim. *K2 Am. Corp. v. Roland Oil & Gas, LLC*, 653 F.3d 1024, 1029 (9th Cir. 2011).

## DISCUSSION

Defendant indicates on the Civil Cover Sheet that this action concerns "retaliation, housing accommodations." Civ. Cover Sheet, Dkt. No. 1-1. He contends the basis for jurisdiction is the existence of a federal question; he does not contend diversity jurisdiction applies. *Id.* However, the face of the Complaint, which asserts only one state law claim for unlawful detainer, does not provide any ground for removal. *See* Not. of Removal at ECF pp. 4-10 (Compl.). "An unlawful detainer action, on its face, does not arise under federal law but is purely a creature of California law." *Snavely v. Johnson*, 2015 WL 5242925, at *2 (N.D. Cal. Sept. 8, 2015) (citations omitted); *HSBC Bank USA N.A. v. Serrato*, 2013 WL 3337813, at *2 (N.D. Cal. July 1, 2013). An

anticipated federal defense or counterclaim is not sufficient to confer jurisdiction. *See Holmes Group v. Vornado Air Circulation Sys., Inc.*, 535 U.S. 826, 831 (2002); *Franchise Tax Bd. of Ca. v. Constr. Laborers Vacation Tr.*, 463 U.S. 1, 10 (1983). "A case may not be removed to federal court on the basis of a federal defense, . . . even if the defense is anticipated in the plaintiff's complaint." *ARCO Envtl. Remediation, LLC v. Dep't of Health & Envtl. Quality of the State of Mont.*, 213 F.3d 1108, 1113 (9th Cir. 2000) (quotation omitted); *see also Valles v. Ivy Hill Corp.*, 410 F.3d 1071, 1075 (9th Cir. 2005) ("A federal law defense to a state-law claim does not confer jurisdiction on a federal court, even if the defense is that of federal preemption and is anticipated in the plaintiff's complaint." (citation omitted)). Thus, any anticipated defense is not a valid ground for removal. *See, e.g., Nguyen v. Bui*, 2012 WL 762156, at *2 (N.D. Cal. Feb. 21, 2012) (holding that affirmative defenses based upon federal Truth in Lending Act and Real Estate Settlement Procedures Act do not confer federal jurisdiction upon state unlawful detainer claim); *Aurora Loan Serv., LLC v. Martinez*, 2010 WL 1266887, at * 1 (N.D. Cal. Mar. 29, 2010) (answer asserting plaintiff violated the Protecting Tenants at Foreclosure Act does not confer federal jurisdiction over unlawful detainer claim).

## CONCLUSION

The undersigned **GRANTS** Defendant's Application to Proceed In Forma Pauperis. As jurisdiction appears to be lacking, the undersigned **RECOMMENDS** that this case be remanded to Contra Costa County Superior Court. The Clerk of Court shall reassign this case to a district court judge.

Pursuant to Federal Rule of Civil Procedure 72, any party may serve and file objections to this report and recommendation within 14 days after being served with a copy.

**IT IS SO ORDERED AND RECOMMENDED.**

Dated: January 17, 2018

_____
MARIA-ELENA JAMES
United States Magistrate Judge

3